1  THOMAS J. NOLAN (SBN 66992)
   thomas.nolan@skadden.com
2  HARRIET S. POSNER (SBN 116097)
   harriet.posner@skadden.com
3  JASON D. RUSSELL (SBN 169219)
   jason.russell@skadden.com
4  LISA M. GILFORD (SBN 171641)
   lisa.gilford@skadden.com
5  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue
6  Los Angeles, California 90071-3144
   Telephone: (213) 687-5000
7  Facsimile: (213) 687-5600

8  Attorneys for Defendant
   EMERITUS CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| ARVILLE WINANS, by and through his guardian ad litem, RENEE MOULTON, on his own behalf and on behalf of others similarly situated, | ) ) ) ) ) | CASE NO.: 13-cv-3962  DEFENDANT EMERITUS CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(d)(2), and 1441(a) |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | |
| EMERITUS CORPORATION and DOES 1 through 100, | ) ) ) | |
| Defendants. | ) ) ) ) | |

DEFENDANT'S NOTICE OF REMOVAL -13-cv-3962

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Defendant Emeritus Corporation ("Emeritus") hereby files this Notice of Removal of the above captioned action to the United States District Court for the Northern District of California, from the Superior Court of California for the County of Alameda, where the action is now pending, and states:

## I. Introduction

1. On July 29, 2013, an action was commenced in the Superior Court for the State of California for the County of Alameda, entitled *Arville Winans, by and through his Guardian ad litem, Renee Moulton, on his own behalf and on behalf of others similarly situated v. Emeritus Corporation and Does 1 through 100*, Case No. RG 13689560. A copy of the complaint is attached hereto as Exhibit A.

2. Emeritus was served with the complaint attached as Exhibit A on July 30, 2013. Emeritus had no notice of, and did not receive any copy of, the complaint before July 30, 2013. This Notice of Removal is therefore being filed within 30 days after the receipt by Emeritus of a copy of the pleading setting forth the claims for relief upon which the action is purportedly based.

3. This is a civil action alleging violations of California Civil Code section 1750, California Business and Professions Code section 17200, and California Welfare and Institutions Code section 15610.30.

## II. Jurisdiction

4. The United States District Court for the Northern District of California has original jurisdiction by reason of the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), for the reasons set forth below.

## III. Intradistrict Assignment

5. Under Northern District of California Local Rules 3-2(c), (d), this case, removed from the County of Alameda, is properly assigned to the San Francisco or Oakland divisions.

### IV. This Is A "Class Action"

6. This lawsuit is purported to be a civil "class action" under 28 U.S.C. § 1332(d)(1)(B) because it is filed under a State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action. (*See* Ex. A, ¶ 42 (citing Cal. Civ. Proc. Code § 382 and Cal. Civ. Code § 1781).)

7. Plaintiff seeks to represent a class defined in the complaint as follows:

> [P]ersons who: a) resided at one of the California assisted living facilities operated by Emeritus from July 29, 2009 through the date of class certification (the "Class Period"), or if deceased, their successors in interest, and paid money from their own funds to Emeritus under the resident agreement; and/or b) entered into an admission agreement with Emeritus and paid money from their own funds to Emeritus during the Class Period.

(Ex. A, ¶ 40.)

### V. The Amount In Controversy Meets the Jurisdictional Minimum

8. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Comms., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "To establish the jurisdictional amount, [Emeritus] need not concede liability for the entire amount" alleged to be at issue. *Id.* The jurisdictional minimum is established if "[t]he Plaintiff is seeking recovery *from a pot* that Defendant has shown could exceed $5 million and the Plaintiff has neither acknowledged nor sought to establish that the class recovery is potentially any less." *Id.* at 401 (emphasis added).

9. Here, Plaintiff alleges three fraud-based causes of action hinging on his averment that "Emeritus uses its wE Care resident evaluations to *justify increased rates*, but does not actually use those evaluations to determine the aggregate staffing needs for each facility." (Ex. A, ¶ 5 (emphasis added).)

10. Plaintiff alleges that his monthly rate for residing at Emeritus since October 2009 has been at least $1,200. (*Id.* ¶ 34.) Plaintiff alleges that some portion of the monthly charge – the "*increased rates*" – has been wrongly collected. (*Id.* ¶ 5 (emphasis added).)

11. Plaintiff alleges that his claims "are typical of the claims [of the] Class." (*Id.* ¶ 45.)

12. Plaintiff seeks to represent a class of individuals who have resided in Emeritus' California communities since July 29, 2009, four years before the date the complaint was filed. (*Id.* ¶ 40.) There are therefore at least 48 months in the Class Period.

13. According to Emeritus' Form 10-K for 2012, filed with the Securities and Exchange Commission, Emeritus' communities have an average occupancy rate of 86.8 percent. (*See* Declaration of Jason D. Russell, filed concurrently herewith (hereinafter, "Russell Decl.") Ex. 1-40.)

14. Emeritus' California communities have the aggregate capacity to serve approximately 6,664 senior residents. (*Id.* at 1-27.)

15. The average occupancy rate multiplied by the potential number of residents in Emeritus' California communities during the alleged class period – and multiplied by the amount of monthly fees Plaintiff seeks to recover – exceeds $5,000,000.

16. In addition to allegations regarding monthly charges, Plaintiff seeks or intends to seek statutory penalties under California Civil Code section 1780(b)(1) of $5,000 per class member, and has indicated he will seek treble damages under California Civil Code section 3345. (Russell Decl. Ex. 2 (letter from Plaintiff's counsel outlining relief to be sought under the Consumer Legal Remedies Act).)

17. These statutory penalties, for purposes of establishing the jurisdictional minimum, are properly included in the amount in controversy. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (noting that courts may consider statutory damages, including treble damages, for purposes of calculating amount in controversy). Those purported statutory penalties exceed $5,000,000.

18. Further, Plaintiff has prayed for an injunction, attorneys' fees, and punitive damages. (Ex. A at p. 17.) The projected monetary value of this relief, too, for purposes of establishing the jurisdictional minimum, is properly included in the amount in controversy determination. *Chabner*, 225 F.3d at 1046 n.3; *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (noting that "relief in the form of common law and statutory damages, exemplary and punitive damages, rescission and restitution, a declaratory judgment, and

an injunction prohibiting further unfair business practices" and attorneys' fees, among others, should be included in amount in controversy calculation); *Abreu v. Slide, Inc.*, C 12-00412 WHA, 2012 WL 1123367, *4 (N.D. Cal. Apr. 3, 2012) (finding that "Defendants have here provided evidence that a mere portion of the alleged damages well exceeds the jurisdictional requirement" because "[i]n addition [to other damages], the Court may also consider attorneys fees and punitive damages, both of which are sought and would increase the amount of potential damages").

19. To date, Plaintiff has not stated any intention to limit recovery to less than $5,000,000. *See Abreu*, 2012 WL 1123367, at *4 (citing *Lewis*, 627 F.3d at 397).

20. Thus, Plaintiff seeks to recover "from a pot" that exceeds $5,000,000, and, as a result, the amount in controversy, exclusive of interest and costs, exceeds the sum specified by 28 U.S.C. § 1332(d)(2).

## VI. The Parties Are At Least Minimally Diverse

21. At the time of the commencement of this action, and since that time, Plaintiff was and still is a citizen of the State of California. As alleged, other putative class members are citizens of the State of California. (Ex. A, ¶ 40.)

22. As Plaintiff has alleged, at the time of the commencement of this action, and since that time, Emeritus was and is a corporation, incorporated and existing under, and by virtue of, the laws of the State of Washington, and has its principal place of business in Seattle, Washington. (*See id.*, ¶ 8.) Thus, Plaintiff concedes that at the time the action was commenced and at the present time, Emeritus was, and still is, a citizen of the State of Washington. *See* 28 U.S.C. § 1332(c).

23. Emeritus is the only defendant that has been served with a Summons and Complaint in this action. Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of fictitious "Does 1-100" named in the complaint are disregarded for purposes of removal jurisdiction.

24. Thus, this action is a "class action" in which "any member of the class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

**VII.   No State Or Government Entity Is A Party, And The Putative Class Exceeds 100**

25.   Removal jurisdiction is not defeated by 28 U.S.C. § 1332(d)(5) because: (A) no defendant is a State, State official, or other governmental entity; and (B) the number of putative class members exceeds 100. (*See* Russell Decl. Ex. 1-27 (6,664 beds in California communities).)

**VIII.   Emeritus Has Complied Or Will Comply With All Procedural Requirements**

26.   A copy of all process, pleadings, and orders served upon Emeritus is filed with this Notice of Removal, attached hereto as Exhibit B.

27.   Emeritus will provide written notice to Plaintiff of this filing as required by 28 U.S.C. § 1446(d).

28.   A copy of this Notice of Removal will be filed with the clerk of the Superior Court of California for the County of Alameda as required by 28 U.S.C. § 1446(d).

DATED: August 27, 2013

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____*/s/ Thomas J. Nolan*_____
Thomas J. Nolan
Attorneys for Defendant
EMERITUS CORPORATION