IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVILLE WINANS, by and through his guardian ad litem, RENEE MOULTON, on his own behalf and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>EMERITUS CORPORATION and DOES 1 through 100,<br><br>    Defendants. | Case No. 13-cv-03962-SC<br><br>ORDER RE: PLAINTIFF'S <u>MOTION FOR CLARIFICATION</u> |

    Now before the Court is Plaintiff Arville Winans's motion for clarification of the Court's March 5, 2014 order holding, in part, that the Court would abstain from deciding Plaintiff's claims for equitable relief against Defendant Emeritus Corporation ("Defendant"). ECF Nos. 58 ("Mot."), 53 ("Mar. 5 Order").

    Plaintiff's first amended complaint alleged that Defendant has engaged in a scheme to defraud seniors by falsely representing that it will provide sufficient staff to care for all of its residents

based on the residents' evaluations, "when in truth [Defendant] determines facility staffing based on labor budgets set to meet profit margins established by corporate headquarters." ECF No. 24 ("FAC") ¶ 2.

Plaintiff's FAC asserted claims for (1) violation of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq.; (2) violation of the California Unfair Competition Law ("UCL"), id. § 17200 et seq.; and (3) California's Elder Financial Abuse Act, Cal. Welf. & Inst. Code § 15610.30. FAC ¶¶ 73-114. Among other things, Plaintiff prayed for an injunction prohibiting Defendant from "promising elders, dependent adults, and their family members that [Defendant] will provide the care and personal services needed by each resident as assessed in their comprehensive evaluation and from charging its residents based on this false promise." Id. at 30. Plaintiff also sought an injunction "requiring Defendant to budget for and provide adequate aggregate staffing that is sufficient to meet its residents' assessed needs." Id. In its March 5 Order, the Court abstained from adjudicating Plaintiff's UCL and CLRA claims to the extent that Plaintiff sought equitable relief in conjunction with those claims. March 5 Order at 18. The Court did not abstain from hearing Plaintiff's claims for legal relief. Id.

Plaintiff now contends that the Court's March 5 Order was not clear on (1) whether the Court was abstaining from hearing Plaintiff's claims for equitable relief under both the Elder Financial Abuse Act and the CLRA, and apparently (2) whether the Court would hear claims for equitable relief that would require Defendant to disclose certain material facts relevant to its

staffing decisions.  See Mot. at 4-8; Reply at 1-2.

"A court may clarify its order for any reason." Wahl v. Am. Sec. Ins. Co., No. C 08–0555 RS, 2010 WL 2867130, at *9 (N.D. Cal. July 20, 2010).  This type of request "invite[s] interpretation, which trial courts are often asked to supply, for the guidance of the parties."  Bordallo v. Reyes, 763 F.2d 1098, 1102 (9th Cir. 1985).  "[W]here an order or direction of the court is clear, it follows that clarification is unnecessary."  Mohammed v. City of Morgan Hill, No. 5:10-cv-05640-EJD, 2011 WL 5085497, at *1-2 (N.D. Cal. Oct. 25, 2011).

The Court's March 5, 2014 Order specifically abstained from adjudicating Plaintiff's UCL and CLRA claims to the extent that they sought equitable relief.  The Court's decision was based on California's judicial abstention doctrine, articulated in Alvarado v. Selma Convalescent Hospital, 153 Cal. App. 4th 1292 (Cal. Ct. App. 2007), and subsequent cases.  The doctrine gives courts applying California law the discretion to abstain from hearing equitable claims where "the lawsuit involves determining complex economic policy, which is best handled by the Legislature or an administrative agency," or (2) "granting injunctive relief would be unnecessarily burdensome for the trial court to monitor and enforce given the availability of more effective means of redress."  Id. at 1298.  The Court found that granting Plaintiff's requested injunctive relief would have required the Court to determine complex policy reserved to the California Department of Social Services, and that administering Plaintiff's proposed injunctive relief would be unduly burdensome given Plaintiff's claims for legal relief.  Mar. 5 Order at 12-17.

Plaintiff was not entirely clear on whether he sought both legal and equitable remedies through his Elder Financial Abuse Act claim when the Court considered Defendant's motion to dismiss. To the extent Plaintiff contends that he affirmatively sought injunctive relief under the Elder Financial Abuse Act, the Court clarifies that it abstains from hearing Plaintiff's claims for injunctive relief under that statute for the same reasons as it does for Plaintiff's UCL and CLRA claims. Mar. 5 Order at 11-18. Given the legal bases for abstention as the Court explained them, holding them inapplicable to a separate statute would be contradictory at least, especially when Plaintiff has long contended that each claim would seek the same injunctions. Finally, the Court does not find that the March 5 Order failed to address CLRA-related misrepresentations in the context of abstention -- that discussion appears on page 16.

Plaintiff's motion is accordingly GRANTED in those narrow respects. To the extent that Plaintiff's motion seeks reconsideration of the Court's March 5 Order, the motion is DENIED. The Court also declines to address Plaintiff's new theories of injunctive relief at this point. If Plaintiff wishes to amend his complaint to assert new claims, he may notice and file a Rule 15 motion, which the Court would then adjudicate under the Ninth Circuit's liberal standard for amendment.

IT IS SO ORDERED.

June  9 , 2014

_____
UNITED STATES DISTRICT JUDGE