IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVILLE WINANS, by and through his guardian ad litem, RENEE MOULTON, on his own behalf and on behalf of others similarly situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>EMERITUS CORPORATION and DOES 1 through 100,<br><br>　　　Defendants. | Case No. 13-cv-03962-SC<br><br>ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT |

　　　Now before the Court is Plaintiff Arville Winans's unopposed motion, ECF No. 85 ("Mot."), for leave to file an amended complaint.  See ECF No. 88 ("Notice of Non-Opposition").  The motion is appropriate for resolution without oral argument under Civil Local Rule 7-1(b).  For the reasons set forth below, leave to amend is GRANTED.

　　　This case alleges that Defendant Emeritus Corporation ("Emeritus") violated California's Consumer Legal Remedies Act,

Unfair Competition Law, and Elder Abuse Act by, among other things, falsely representing that Emeritus' assisted living facilities in California had sufficient staffing to provide the level of care promised.

In this motion, Winans seeks leave to amend to add injunctive relief allegations, add a new plaintiff and additional defendant, and add allegations about Emeritus' knowledge of consumers' expectations in selecting an assisted living facility. Winans argues the amendment is proper under Federal Rule of Civil Procedure 15(a)(2), which the Ninth Circuit has said should be interpreted freely in favor of amendment. See Eminence Cap., LLC v. Apseon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). Absent significant prejudice, bad faith, undue delay, or futility of amendment "there exists a presumption . . . in favor of granting leave to amend." Id.

Here, the Court finds no evidence of prejudice, bad faith, undue delay or futility of amendment, and thus leave to amend is GRANTED. This should be unsurprising given that "[p]rejudice is the 'touchstone of the inquiry under [R]ule 15(a)," and the party opposing amendment "bears the burden of showing prejudice." Id. at 1052 (quoting Lone Star Ladies Inv. Club v. Schlotzsky's Inc., 238 F.3d 363, 368 (5th Cir. 2001)); DCD Progs., Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Here, the party that could claim prejudice is Emeritus, however Emeritus declined to oppose the motion. That raises the question: why was this motion even necessary given that Rule 15 allows parties to simply stipulate to an amendment? See Fed. R. Civ. P. 15(a)(2).

Based on the emails provided by Plaintiffs (and not

contradicted by Defendant), there appears to be no good reason for Emeritus' decision. On the contrary, Plaintiffs sought a stipulation to amendment and Emeritus's counsel simply stated that "[a]lthough Emeritus will not stipulate to the filing of an amended complaint, we will not oppose a Rule 15 motion . . . ." ECF No. 85-1 ("Colby Decl.") Ex. 3. Counsel did not provide a reason, and even if he had, the Court cannot imagine a reasonable one -- given the allocation of the burdens on a Rule 15 amendment, refusing to stipulate but not opposing the motion means that leave will nearly always (and certainly in cases like this) be granted. Instead, the only result of forcing Plaintiffs to file a motion was imposing the cost of preparing the motion on Plaintiffs and delaying proceedings for more than a month while this motion navigated through the Court's (already busy) docket. The Court reminds the parties that "[i]n the future, failure to stipulate without good reason will subject the non-cooperative party to sanctions." Parklyn Bay Co. LLC v. Liberty Surplus Ins. Co., No. 3:13-cv-031124-EMC (N.D. Cal. June 26, 2014), Dkt. No. 38; see also 28 U.S.C. § 1927.

For the reasons set forth above, leave to amend is GRANTED.

IT IS SO ORDERED.

April 3, 2015

_____
UNITED STATES DISTRICT JUDGE