THOMAS J. NOLAN (SBN 66992)
thomas.nolan@skadden.com
JASON D. RUSSELL (SBN 169219)
jason.russell@skadden.com
LISA M. GILFORD (SBN 171641)
lisa.gilford@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:   (213) 687-5000
Facsimile:   (213) 687-5600

Attorneys for Defendants
EMERITUS CORPORATION AND
BROOKDALE SENIOR LIVING INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARVILLE WINANS, by and through his guardian ad litem, RENEE MOULTON, on his own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EMERITUS CORPORATION and DOES 1 through 100, inclusive<br><br>Defendants. | Case No.: 3:13-cv-03962-SC<br><br>[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT<br><br>Date:   May 15, 2015<br>Time:   10:00 a.m.<br>Judge: Hon. Samuel Conti<br>Courtroom: 1 |

WHEREAS, Plaintiffs Arville Winans and Wilma Fritz in this action entitled *Arville Winans v. Emeritus Corp. and DOES 1 through 100*, case no. 3:13-cv-03962-SC and Defendants Emeritus Corporation and Brookdale Senior Living, Inc. have entered into a Stipulation of Settlement ("Stipulation"), filed May 8, 2015, after substantial discovery and lengthy arms-length settlement discussions;

AND, WHEREAS, the Court has received and considered the Stipulation, including the accompanying exhibits, and the record in this Action;

AND, WHEREAS, the Parties have made an application, pursuant to Federal Rules of Civil Procedure, Rule 23(e), for an order preliminarily approving the settlement of this Action, and for its dismissal with prejudice upon the terms and conditions set forth in the Stipulation;

AND, WHEREAS, the Court has reviewed the Parties' application and the supporting memorandum for such order, and has found good cause for same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

**The Settlement Class Is Preliminarily Certified**

1. If not otherwise defined herein, all capitalized terms have the same meanings as set forth in the Stipulation of Settlement.

2. Pursuant to Federal Rules of Civil Procedure, Rule 23(c), the Court certifies the following Settlement Class:

Plaintiffs and all similarly situated persons who resided at one of the California assisted living facilities owned and/or operated by Defendants under the Emeritus name from July 29, 2009 through May 15, 2015 (the "Class Period"), and who contracted with Emeritus for services for which Emeritus was paid money.

3. Excluded from the Settlement Class are: (i) those for whom the Settlement Administrator does not have a valid address; (ii) Defendants and their officers, directors and employees; (iii) any person who files a valid and timely Request for Exclusion; and (iv) the Judges to whom this Action and the Other Actions are assigned and any members of their immediate families.

4.  The Settlement Class meets all requirements of Federal Rules of Civil Procedure, Rule 23(a) and (b)(3) for certification of the class claims alleged in the operative complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the Class Representative and Class Counsel; (e) predominance of common questions of fact and law Class; and (f) superiority.

5.  Class Counsel and the Class Representative are found to be adequate representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Court appoints Arville Winans and Ruby Richardson, Trustee of the Wilma F. Fritz Trust, as the Class Representatives of the Class. The Court also designates the following attorneys as Class Counsel: Kathryn Stebner of Stebner & Associates, Guy Wallace of Schneider Wallace Cottrell Konecky Wotkyns LLP, Robert Arns of The Arns Law Firm, Michael D. Thamer of the Law Offices of Michael D. Thamer, Tim Needham of Janssen Malloy LLP and Chris Healey of McKenna Long Aldridge LLP. The Court finds Class Counsel are experienced and adequate counsel having considered the factors set forth in Rule 23(g)(1).

**The Stipulation Is Preliminarily Approved and Final Approval Schedule Set**

6.  The Court hereby preliminarily approves the Stipulation and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing.

7.  The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Stipulation, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed settlement as set forth in the Stipulation.

8.  Pursuant to the Federal Rules of Civil Procedure, Rule 23(e) the Court will hold a final approval hearing on __9/25__, 2015, at __10__ a.m./~~p.m.~~, in the Courtroom of the Honorable Samuel Conti, United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 1 – 17th Floor, San Francisco, CA 94102, for the following purposes:

1.    determining whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and should be approved by the Court;

2.    considering the application of Class Counsel for an award of attorneys' fees and litigation expenses as provided for under the Stipulation;

3.    considering the application for service awards to the Plaintiffs as provided for under the Stipulation;

4.    considering whether the Court should enter the [Proposed] Final Judgment and Order Approving Settlement;

5.    considering whether the release by the Settlement Class Members of the Released Claims as set forth in the Stipulation should be provided; and

6.    ruling upon such other matters as the Court may deem just and appropriate.

9.    The Court may adjourn the Final Approval Hearing and later reconvene such hearing without further notice to the Settlement Class Members.

10.    Any Settlement Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel. All Settlement Class Members who do not enter an appearance will be represented by Class Counsel.

11.    The Parties may further modify the Stipulation prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided therein. The Court may approve the Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

12.    Opening papers in support of final approval of the Stipulation, and opening papers in support of plaintiffs' application for attorneys' fees, litigation expenses and service awards, shall be filed and served fifteen days prior to the deadline for any objections to the Stipulation. Reply papers, if any, must be filed and served at least seven days prior to the Final Approval Hearing.

**The Court Approves the Form and Method of Class Notice**

13.    The Court approves, as to form and content, the proposed Notice, which is Exhibit 1 to the Stipulation of Settlement on file with this Court.

14. The Court finds that the distribution of Class Notice substantially in the manner and form set forth in this Order and the Stipulation of Settlement meet the requirements of Federal Rules of Civil Procedure, Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

15. The Court approves the designation of Gilardi & Co., LLC to serve as the Settlement Administrator for the settlement. The Settlement Administrator shall disseminate Class Notice and supervise and carry out the notice procedure and other administrative functions, and shall respond to Settlement Class Member inquiries, as set forth in the Stipulation and this Order under the direction and supervision of the Court.

16. The Court directs the Settlement Administrator to establish a Settlement Website, making available copies of this Order, the Class Notice, the Stipulation and all exhibits thereto, and such other information as may be of assistance to Settlement Class Members or required under the Stipulation.

17. The Settlement Administrator is ordered to substantially complete dissemination of the Class Notice no later than 10 business days after it receives the Settlement Class Member Information List.

18. The costs of the Class Notice, creating and maintaining the Settlement Website, and all other Notice and Payment Distribution Administration Expenses shall be paid out of the Settlement Fund in accordance with the applicable provisions of the Stipulation.

**Procedure for Settlement Class Members to Participate In the Settlement**

19. No later than five (5) business days after the entry by the Court of the Preliminary Approval Order, Defendants shall furnish the Settlement Administrator with the Settlement Class Member Information List (which shall include all Settlement Class Members), in accordance with the Stipulation. The Settlement Administrator shall mail the Notice to all Settlement Class Members at the addresses provided by Defendants, as updated by the Settlement Administrator, and publish the Notice in a single publication of the USA Today (California weekday edition).

20. Settlement Class Members who wish to receive a settlement award need take no action. If a Settlement Class Member is deceased, the legal successor for the Class Member may

obtain payment by providing the Settlement Administrator with appropriate proof of successor status and a current address. Settlement Class Members (or legal successors) will not receive a settlement award only if the Settlement Administrator lacks a valid address for that individual, as determined by monitoring those Notice documents that were returned as undeliverable, or if the individual opts out of the settlement by the Opt Out Date.

**Procedure for Requesting Exclusion from the Class**

21. Any Person falling within the definition of the Settlement Class may, upon his or her request, be excluded from the Settlement Class. Any such Persons (or their legal successor) must submit a request for exclusion to the Settlement Administrator postmarked no later than the Opt Out Date, which shall be 35 days from the Notice Date, as set forth in the Class Notice. Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed to be void.

22. Any Settlement Class Member who does not send a signed request for exclusion postmarked or delivered on or before the Opt-Out Date will be deemed to be a Settlement Class Member for all purposes and will be bound by all further orders of the Court in this Action and by the terms of the settlement, if finally approved by the Court. The written request for exclusion must request exclusion from the Class, must be signed by the potential Settlement Class Member (or his/her legal successor) and include a statement indicating that the Person desires to be excluded from the Settlement Class. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Stipulation shall have no rights under the Stipulation and shall not be bound by the Stipulation or the Final Judgment and Order.

23. A list reflecting all requests for exclusions shall be filed with the Court by Defendants at or before the Final Approval Hearing.

**Procedure for Objecting to the Settlement**

24. Any Settlement Class Member (or their legal successor) who desires to object to the proposed settlement, including the requested attorneys' fees and expenses or service awards to the Plaintiff must timely file with the Clerk of this Court a notice of the objection(s), together with all papers that the Settlement Class Member desires to submit to the Court no later than the Objection

Date, with shall be 35 days after the Notice Date as set forth in the Class Notice. The objection must also be served on Class Counsel and Defendants' counsel no later than the Objection Date.

25.  The written objection must include: (a) a heading which refers to the Action; (b) the objector's name, address, telephone number and, if represented by counsel, of his/her counsel; (c) a statement that the objector is a Settlement Class Member (resided at one of the California assisted living facilities owned and/or operated by Defendants under the Emeritus name from July 29, 2009 through May 15, 2015 and contracted with Emeritus for services for which Emeritus was paid money) or that the objector is the legal successor to a Settlement Class Member; (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) a statement of the objection and the grounds supporting the objection; (f) copies of any papers, briefs, or other documents upon which the objection is based; and (g) the objector's signature.

26.  Any Settlement Class Member (or their legal successor) may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of this Agreement, including attorneys' fees.

27.  Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Stipulation.

IT IS SO ORDERED.

Dated: 6/5/15

_____
Honorable Samuel Conti
United States District