1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARVILLE WINANS, by and through his guardian ad litem, RENEE MOULTON, on his own behalf and on behalf of others similarly situated,<br><br>              Plaintiff,<br><br>         v.<br><br>EMERITUS CORPORATION and DOES 1 through 100, inclusive<br><br>              Defendants. | CASE NO.: 3:13-cv-03962-SC<br><br>FINAL JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT<br><br>Judge:       Hon. Haywood S. Gilliam<br>Courtroom:  15 |

By order dated January 11, 2016, Dkt No. 131, this Court granted plaintiffs' motion for class action settlement approval and separate application for attorneys' fees, reimbursement of litigation costs and service awards to the named plaintiffs (herein "Final Approval Order"). In accordance with the Final Approval Order and the parties' Stipulation of Settlement filed May 8, 2015, Dkt. No. 96, (herein "Stipulation"), and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. This Final Judgment and Order ("Judgment") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation unless set forth differently herein. The terms of the Stipulation are fully incorporated in this judgment as if set forth fully here. As confirmed in the Final Approval Order, the parties have agreed that the Settlement Fund referenced in the Stipulation shall be increased to $13.5 million.

2. The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all Settlement Class Members.

3. As set forth in the Final Approval Order, which is incorporated herein, the Court approves the settlement as set forth in the Stipulation, and finds that the settlement is in all respects fair, reasonable, adequate and just to the Settlement Class Members.

4. Pursuant to Federal Rules of Civil Procedure, Rule 23(c), the Court certifies the following Settlement Class: Plaintiffs and all similarly situated persons who resided at one of the California assisted living facilities owned and/or operated by Defendants under the Emeritus name from July 29, 2009 through May 15, 2015 (the "Class Period"), and who contracted with Emeritus for services for which Emeritus was paid money. Excluded from the Settlement Class are: (i) those for whom the Settlement Administrator does not have a valid address; (ii) Defendants and their officers, directors and employees; (iii) any person who files a valid and timely Request for Exclusion; and (iv) the Judges to whom this Action and the Other Actions are assigned and any members of their immediate families.

5. Also excluded from the Settlement Class are all persons who submitted valid requests for exclusion who are listed on Exhibit A attached hereto. The persons listed in Exhibit A are not bound by this Judgment or the terms of the Stipulation.

6. Pursuant to Federal Rules of Civil Procedure, Rule 23(c)(3), all such Persons who satisfy the Settlement Class definition above, except those Persons who timely and validly excluded themselves from the Settlement Class, are Settlement Class Members bound by this Judgment and the terms of the Stipulation.

7. Pursuant to Federal Rules of Civil Procedure, Rule 23(a), the Court finds that the Plaintiffs Arville Winans, by and through his Guardian Ad Litem, Renee Moulton, and Ruby Richardson, as Trustee of the Wilma F. Fritz Trust are members of the Settlement Class, their claims are typical of the Settlement Class claims, and they fairly and adequately protected the interests of the Settlement Class throughout the proceedings in the Action.  Accordingly, Arville Winans, by and through his Guardian Ad Litem, Renee Moulton, and Ruby Richardson, as Trustee of the Wilma F. Fritz Trust, are properly appointed as the Class Representatives.

8. The Settlement Class meets all requirements of Federal Rules of Civil Procedure, Rule 23(a) and (b)(3) for certification of the class claims alleged in the operative complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the Class Representative and Class Counsel; (e) predominance of common questions of fact and law; and (f) superiority.

9. Having considered the factors set forth in Federal Rules of Civil Procedure, Rule 23(g)(1), the Court finds that Class Counsel are properly appointed to represent the Settlement Class Members and they have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the settlement.

10. The Stipulation and this Judgment are not admissions of liability or fault by Defendants or the Released Parties, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Defendants or the Released Parties.  Neither this Judgment, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or

administrative action or proceeding to establish any liability of, or admission by Defendants, the Released Parties, or any of them. Notwithstanding the foregoing, nothing in this Judgment shall be interpreted to prohibit the use of this Judgment in a proceeding to consummate or enforce the Stipulation, the Final Approval Order, or this Judgment, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

11. Defendants are hereby ordered, and agree, to comply with the terms of the Stipulation of Settlement.

12. Upon the Effective Date, and subject to fulfillment of all of the terms of the Stipulation, each and every Releasing Party shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim against any Released Party in any court or any forum.

13. The Plaintiff and all Settlement Class Members shall, as of the Effective Date, conclusively be deemed to have acknowledged that the Released Claims may include claims, rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist as of the Effective Date. The Plaintiff and all Settlement Class Members nonetheless release all such Released Claims against the Released Parties. Further, as of the Effective Date, the Plaintiff and all Settlement Class Members shall be deemed to have waived any and all protections, rights and benefits of California Civil Code section 1542 and any comparable statutory or common law provision of any other jurisdiction.

14. Upon the Effective Date, and subject to fulfillment of all of the terms of the Stipulation, the Court hereby dismisses with prejudice the Action, and all Released Claims against each and all Released Parties and without costs to any of the Parties as against the others. Notwithstanding the foregoing, this Order does not dismiss any claims that have been or may be asserted in the future by any persons or entities who have validly and timely requested exclusion from the Settlement Class.

15. Without affecting the finality of the Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment, the Final Approval Order and the Stipulation, and all matters ancillary thereto.

16. The Court finding that no reason exists for delay in ordering final judgment pursuant to Federal Rules of Civil Procedure, Rule 54(b), the clerk is hereby directed to enter the Judgment forthwith.

17. The Parties are hereby authorized without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Stipulation, including without limitation, the forms to be used in the process of distributing settlement payments, which are consistent with this Judgment and do not limit the rights of Settlement Class Members under the Stipulation.

18. For the reasons set forth in the Final Approval Order, the objections to the Stipulation and approval of this settlement are expressly overruled.

19. All other relief not expressly granted to the Settlement Class Members is denied.

20. Within thirty (30) days after all Settlement Awards have been paid to all Settlement Class Members, Plaintiffs shall file a compliance report with the Court. The report shall include a declaration from the Settlement Administrator specifying the amounts remaining in the Reserve Fund, if any. Assuming any funds remain, Plaintiffs shall also file a request to confirm distribution of any such funds to the identified *cy pres* recipient, The Institute on Aging.

IT IS SO ORDERED, ADJUDGED AND DECREED.

DATED: 1/19/2016

*Haywood S. Gilliam Jr.*
Honorable Haywood S. Gilliam, Jr.
United States District

USW 805379346.3