UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVILLE WINANS,<br><br>    Plaintiff,<br><br>v.<br><br>EMERITUS CORPORATION,<br><br>    Defendant. | Case No. 13-cv-03962-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION APPROVING DISBURSEMENT OF REMAINING SETTLEMENT FUNDS**<br><br>Re: Dkt. No. 139 |

Upon due consideration of Plaintiffs' Motion for Approval of Disbursement of Remaining Settlement Funds (Dkt. No. 139, "Motion"), **IT IS HEREBY ORDERED** that:

1. The Settlement Administrator ("KCC") is directed to make supplemental settlement payments to all class members who previously cashed their prior settlement checks ("Supplemental Settlement Payments").

2. The per class member amount of the Supplemental Settlement Payments shall be determined as follows.  First, the move-in fees and initial monthly rent payment for class member in question shall be divided by the total move-in fees and initial month rent for all class members eligible for the Supplemental Settlement Awards to derive a "Supplemental Settlement Payment Percentage."  The Supplemental Settlement Payment Percentage shall then be applied to the remaining Settlement Fund (net of the amounts specifically approved below) to derive the Supplemental Settlement Payment amount.  The Supplemental Settlement Payment checks shall be subject to a 90-day check cashing deadline.

3. All monies remaining in the Settlement Fund shall be used to pay the Supplemental Settlement Awards, except as specifically provided below.

4. KCC shall retain the Late Claim Reserve, which in accordance with KCC's recommendation, shall be reduced to $10,000. Any uncashed settlement checks from the above referenced supplemental distribution or prior distributions, shall be added to the Late Claim Reserve. The Late Claim Reserve shall remain in effect through and including the date that is 180 days from the date the supplemental distribution is completed.

5. If any funds remain in the Late Claim Reserve on the date specified in paragraph 4 above, KCC shall promptly pay all such funds to the Elder Abuse Prevention Program of the Institute of Aging, which is hereby approved as the designated *cy pres* recipient.

6. KCC shall be paid for services and costs incurred to close out the Settlement Fund in an amount not to exceed $45,000

7. Class Counsel's application for supplemental attorneys' fees of $125,590 and reimbursement of litigation costs in the amount of $905.91 is **DENIED**.

**IT IS SO ORDERED.**

Dated: 7/17/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge